UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

**02-60690**

**CIV-JORDAN**

MAGISTRATE JUDGE
BROWN

| | |
|---|---|
| **SWEET PEA MARINE, LTD.**, a limited partnership, and **BOBBY G. STEVENSON**, a Texas citizen,<br><br>Plaintiffs,<br><br>v.<br><br>**APJ MARINE, INC.**, a Florida corporation,<br><br>Defendant. | |

NIGHT BOX
FILED

MAY 17 2002

CLARENCE MADDOX
USDC/SDFL/FTL

## COMPLAINT

Plaintiffs Sweet Pea Marine, Ltd., and Bobby G. Stevenson, by undersigned counsel, sue Defendant APJ Marine, Inc., a Florida corporation, and state and allege as follows:

### PARTIES

1. This is an action for damages in excess of $75,000.00, exclusive of attorneys' fees, interest and costs.

2. Plaintiff Sweet Pea is a foreign limited partnership with its principal place of business outside the State of Florida; Plaintiff Bobby G. Stevenson is an individual and a citizen of the State of Texas (collectively "Plaintiffs").

3. Defendant APJ Marine, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Broward County, Florida.



## JURISDICTION

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) as there is complete diversity of citizenship between Plaintiffs and the Defendant and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## VENUE

5. Venue in this Court, the Fort Lauderdale Division, is proper pursuant to 28 U.S.C. §§ 1391(a) and (c).

6. All conditions precedent to the making of this action have been performed, have occurred or have been waived or excused.

7. Plaintiffs have retained the undersigned law firm to represent them in this action and have obligated themselves to pay the firm a reasonable fee for its services.

## GENERAL ALLEGATIONS

8. In 1999, Plaintiffs made a substantial financial investment in the M/Y "SWEET PEA" (the "Yacht"). The Yacht is a 127' vessel built by Abeking Rasmussen in Germany for the 1984 model year.

9. Plaintiff Sweet Pea purchased the Yacht with the intent to have the vessel renovated, refurbished and upfitted, transforming the Yacht into one of the world's most prestigious and incomparable vessels. The renovating, refurbishing and upfitting work would necessarily require extensive and sophisticated engineering, architectural and interior design work (the "Project").

10. In about August 1999, Plaintiffs interviewed Alan Jellis ("Jellis"), Defendant's principal, and Defendant for purposes of managing, coordinating, supervising and performing work on the Project.

11. In order to induce Plaintiffs to retain Defendant as the Project manager and to entrust the Yacht to Defendant, Defendant and Jellis made numerous material statements of fact. Defendant and Jellis materially represented to Plaintiffs in about August 1999 the following:

- (a) Jellis was an experienced and licensed Florida interior designer;

- (b) Jellis was an experienced and licensed Florida architect;

- (c) Defendant had the proper level of skill, training, experience and expertise necessary to properly oversee and complete the Project;

- (d) The Project would be completed within three (3) months;

- (e) The total cost of the Project would not exceed $3 million;

- (f) Defendant would charge Plaintiffs an hourly rate of approximately $80.00 multiplied by the actual time spent on the Project by Defendant;

- (g) Defendant would supervise all work performed on the Project; and

- (h) Defendant would perform the work in a first class and world class manner.

## COUNT I
### (Breach of Oral Contract)

12. Plaintiffs reallege the allegations contained in paragraphs 1 through 11 above as though set forth fully herein.

13. In about August 1999, an oral contract (the "Contract") was formed wherein Defendant and Jellis agreed to oversee and complete the Project.

14. The Contract provided, among other things, that:

- (a) Defendant had the proper level of skill, training, experience and expertise necessary to properly oversee and complete the Project;

- (b) The Project would be completed within three (3) months;

(c)     The total cost of the Project would not exceed $3 million;

(d)     Defendant would charge Plaintiffs an hourly rate of $80.00 multiplied by the actual time spent on the Project by Defendant; and

(e)     Defendant would coordinate and supervise all work performed on the Project.

15.    Defendant breached the Contract because, among other things, it:

(a)     Failed to properly coordinate, oversee, supervise and complete the Project;

(b)     Failed to properly advise Plaintiffs as to which furnishings, equipment, components and accessories should be purchased for the Yacht;

(c)     Failed to properly supervise and coordinate the work of the subcontractors retained by Defendant;

(d)     Failed to adequately and timely arrange for defects in certain subcontractors' work to be remedied;

(e)     Failed to perform the work in a first class and world class manner;

(f)     Failed to complete the Project within three (3) months;

(g)     Failed to timely complete the Project;

(h)     Left the Project with numerous defects and deficiencies; and,

(i)     Failed to meet the budget for the Project.

16.    Defendant also breached the Contract by overcharging Plaintiffs for services performed by Defendant and/or Jellis. In addition to Defendant's hourly rate, Defendant charged Plaintiffs an unauthorized "mark-up" fee on furnishings, equipment, components and accessories purchased by Defendant for the Yacht. Defendant charged Plaintiffs in excess of $4 million above the initially stated amount for the Project.

[4]

17. As a direct and natural consequence of the breaches of the Contract by Defendant, Plaintiffs have sustained substantial damages and continue to sustain substantial damages. Plaintiffs have and will continue to expend large sums of money to correct, repair, complete or replace the work performed by Defendant on the Project. Plaintiffs have suffered damages in the nature of gross overcharges, costs to correct, repair, complete or replace the work performed by Defendant, loss of value of the vessel, delay damages, loss of use of cash, loss of business opportunity, and loss of use and enjoyment of the vessel.

**WHEREFORE,** Plaintiffs Sweet Pea Marine, Ltd. and Bobby G. Stevenson, respectfully request that this Court enter judgment in their favor and against Defendant APJ Marine, Inc., for compensatory damages in excess of $75,000.00, prejudgment interest, costs, and such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

/s/ David Batista
William R. Clayton
Fla. Bar No. 485977
David O. Batista
Fla. Bar No. 0175803
FOWLER WHITE BURNETT P.A.
Bank of America Tower
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 463-2200
Facsimile: (954) 463-1800
*Attorneys for Plaintiffs Sweet Pea Marine, Ltd. and Bobby Guy Stevenson*

[dob] W:\TMPBUS\2-116.VPG{5/17/2-18:24}

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

02-60690

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SWEET PEA MARINE, LTD. a foreign limited partnership and BOBBY G. STEVENSON,

### DEFENDANTS
APJ MARINE, INC.

**CIV-JORDAN**
**MAGISTRATE JUDGE BROWN**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Broward 0:02CV 60690 Jordan/Brown

NIGHT BOX FILED
MAY 17 2002

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William R. Clayton, Esq., 100 SE 3rd Ave., #1100, Ft Lauderdale, 33394

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Breach of Contract

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $ excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 5/17/02
SIGNATURE OF ATTORNEY OF RECORD: /s/ David Batista

**FOR OFFICE USE ONLY**
MAY 20 2002
RECEIPT # 525259  AMOUNT 150  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____